# United States District Court
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

Richardo Leonora Urbina

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:06 Cr 311

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed – that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ A felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1),(2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committee an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establish by a preponderance of the evidence that

defendant is a 46 year old man with no stable residence or work history. He has fathered 8 children by numerous women but does not support any of them and is over $60,000 in arrears to the FOC. His history of arrests and convictions, many for crimes of violence, spans 30 years. Defendant was convicted in 1991 for possession of cocaine with intent to deliver (second habitual offender) and served a prison term until released on parole. He violated parole was re-incarcerated, ultimately serving the maximum 15 year term. Since his release from custody in 2004, he has done little to establish himself in a productive life, but has been arrested several times. The execution of a search warrant in the present case uncovered 80 gr of cocaine and an assault rifle. Defendant's long history of criminal convictions and recent evidence of continued involvement with guns and drugs demonstrates a clear danger to the community.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

March 2, 2007
Date

/s/ Joseph G. Scoville
Signature of Judge

Joseph G. Scoville, United States Magistrate Judge
Name and Title of Judge