UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        File No. 1:06-CR-311

v.

                                        HON. ROBERT HOLMES BELL

RICHARDO LEODORA URBINA,

        Defendant.
                                        /

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RETURN OF PROPERTY

Before the Court is a motion for return of property filed by Defendant Richardo Leodora Urbina pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Dkt. No. 57.) The government filed a motion for extension of time to respond (Dkt. No. 70) and a response (Dkt. No. 72).

On August 4, 2006, agents with the Grand Rapids Police Department executed a search warrant for 231 Rose Street SW in Grand Rapids, Michigan, arresting Defendant and seizing evidence on his person and at the residence. On September 25, 2007, the Court sentenced Defendant to 36 months in custody and three years of supervised release after Defendant pleaded guilty to possession of cocaine with intent to distribute. (Dkt. No. 46, J.) On October 3, 2007, Defendant filed a motion for return of property seized from him. (Dkt. No. 49.) The Court denied Defendant's motion because, to the extent that any property was

in the possession of federal agents, the government asserted a continuing interest in that property during the pendency of Defendant's appeal. (Dkt. No. 54.) On September 15, 2008, the Court of Appeals for the Sixth Circuit dismissed Defendant's appeal. (Dkt. No. 56.) On February 17, 2009, Defendant filed a renewed motion for return of property, identifying:

> one black gym bag, all I.D.'s and paper's, Cash taken from defendants of which no forfeiture was ever submitted by the State or Government to date. Also one black chest and contents, and any other property taken from 231 Rose St. Sw.

(Dkt. No. 57.) The government responded to the motion on December 16, 2009. Defendant has not replied to the government's response.

The government contends, with supporting affidavits and evidence, that the state served Defendant with a notice of forfeiture on the date that the property was seized and that no claims on the property were made within the time allotted. The notice of forfeiture is dated August 4, 2006, and refers to a vehicle and $127 in cash. (Dkt. No. 72, Attach. B.) Thus, with respect to the vehicle and cash, the Court finds that Defendant forfeited his rights in this property because the government provided notice of forfeiture and Defendant failed to pursue his legal remedies. *See Shaw v. United States*, 891 F.2d 602, 604 (6th Cir 1989) (upholding the denial of a motion for return of property where the movant failed to make a claim for the property within the time period specified in the forfeiture notice).

The government also contends that the remainder of the property identified by Defendant was kept by the Grand Rapids Police Department until October 7, 2007, when it was destroyed in accordance with department policy. The government supports its

contention with copies of property receipts from the Grand Rapids Police Department and with an affidavit from Detective Michael T. Rozema, a detective with the Grand Rapids Police Department and a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. (*See* Dkt. No. 72, Rozema Aff.) Therefore, the Court finds that the remainder of the property has been destroyed and it cannot grant the relief requested by Defendant. To the extent Defendant contends that the government wrongfully destroyed his property, monetary damages are not available in these proceedings. Rule 41(g) allows a party to move for the *return* of property; the majority of the courts of appeal have held that the Rule does not waive the government's sovereign immunity to claims for money damages. *See, e.g., Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005); *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004); *McBean v. United States*, 23 F. App'x 853, 855 (6th Cir. 2002) (unpublished); *United States v. Potes Ramirez*, 260 F.3d 1310, 1316 (11th Cir. 2001); *United States v. Jones*, 255 F.3d 468, 470 (4th Cir. 2000) ("[T]he district court correctly concluded that it lacked jurisdiction to award damages under Rule 41(e) for the property destroyed by the Government."); *United States v. Bein*, 214 F.3d 408, 416 (3d Cir. 2000) ("[W]e find that the district court did not have jurisdiction over the Beins' Rule 41(e) motion to the extent it sought to recover damages for property the Government allegedly destroyed.").

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion for extension of time to file a response (Dkt. No. 70) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Richardo Leodora Urbina's motion for return of property (Dkt. No. 57) is **DENIED**.


Dated: March 15, 2010                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE